*TERRY A. DAKE, LTD.*
P.O. Box 26945
Phoenix, Arizona  85068-6945
Telephone: (602) 710-1005
tdake@cox.net

Terry A. Dake - 009656

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>STACY JOYCE NUNEZ;<br><br>　　　　　Debtor.<br>_____<br><br>LAWRENCE J. WARFIELD,<br>　　TRUSTEE,<br><br>　　　　　Plaintiff,<br>v.<br><br>FREDDY D. NUNEZ,<br><br>　　　　　Defendant.<br>_____ | In Chapter 7 Proceedings<br><br>Case No. 3:20-BK-12595-DPC<br><br><br><br><br>**Adversary No. 0:21-AP-00XXX** |

**C O M P L A I N T**

Lawrence J. Warfield ("Warfield"), as trustee of the bankruptcy estate of Stacy Joyce Nunez, for his Complaint, says as follows:

1. Warfield is the duly appointed trustee of the bankruptcy estate of Stacy Joyce Nunez, Bankruptcy Case No. 3:20-BK-12595-DPC.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2).  This is a core proceeding.

3. This case was filed as a voluntary Chapter 7 proceeding on November 18, 2020.

4. Stacy Joyce Nunez ("Stacey") is the debtor in this bankruptcy case.

5. Freddy D. Nunez ("Freddy") is the spouse of Stacy.

6. Stacy and Freddy have been married since 2004.

7. Freddy is employed at Home Depot.

8. Freddy deposits his wages into his own bank account. Freddy then spends that money on himself.

9. For example, during just the two years prior to the filing of this bankruptcy, from November of 2018 through November of 2020, Freddy made the following deposits into his accounts at Wells Fargo and then Bank of America:

| | |
|---|---|
| November 2018 | $860.63 |
| December 2018 | $1,493.37 |
| January 2019 | $1,724.79 |
| February 2019 | $1,379.24 |
| March 2019 | $1,271.78 |
| April 2019 | $1,260.87 |
| May 2019 | $1,273.05 |
| June 2019 | $1,933.41 |
| July 2019 | $1,770.55 |
| August 2019 | $1,290.92 |
| September 2019 | $1,738.88 |
| October 2019 | $1,270.57 |
| November 2019 | $1,700.29 |
| December 2019 | $1,280.21 |
| January 2020 | $1,830.69 |
| February 2020 | $1,092.15 |
| March 2020 | Not provided. |

|   |   |   |
|---|---|---|
| April 2020 | Not provided. |
| May 2020 | Not provided. |
| June 2020 | Not provided. |
| July 2020 | Not provided. |
| August 2020 | $1,119,03 |
| September 2020 | $1,420.21 |
| October 2020 | $1,131.19 |
| November 2020 | $1,884.57 |
| Total: | $28,726.40 |

10. Conversely, Stacy, who operates a home care facility, deposits all of her income into a bank account from which all of the community bills are paid.

11. When asked what contribution Freddy makes to the community living expenses, Stacy testified, "none".

12. Stacy's Schedule J at Admin. Dkt. No. 1 shows that the community living expenses are $7,691.69 per month. Over 24 months, those expenses total $184,600.00.

13. Stacy's Schedule F at Admin. Dkt. No. 1 shows that Stacy has incurred $81,225.56 in unsecured debt to pay for the community's living expenses.

14. Between the monthly living expenses, and the debt, Stacy has paid or incurred $265,826.12 for the benefit of the marital community. Freddy's one half share of that debt and expense is $132,913.06.

15. Freddy, as a member of the marital community, has received the benefit of the expenses that Stacy has paid, and the

3

unsecured debts that Stacy has incurred, yet Freddy has paid nothing toward those expenses or those debts. Rather, Freddy keeps all of his money for Freddy.

16. Stacy's payment of Freddy's one-half share of the community living expenses is a transfer to Freddy for which Stacy has received less than reasonably equivalent value.

17. The unsecured debts which Stacy has incurred for the marital community, at least half of which is for Freddy's benefit, is a transfer to Freddy for which Stacy has received less than reasonably equivalent value.

18. Stacy's transfers to or for the benefit of Freddy are avoidable by the trustee pursuant to 11 U.S.C. §544 and A.R.S. §44-1005 and 11 U.S.C. §548(a)(1)(B) since Stacy was insolvent at that time of these transfers and/or became insolvent as a result of these transfers and Stacy did not receive reasonably equivalent value in exchange for these transfers to or for the benefit of Freddy.

19. Freddy is liable pursuant for the transfers pursuant to 11 U.S.C. §550(a)(1).

20. Stacy's Schedule F reflects that she has incurred debts totaling $81,225.56 to support the marital community.

21. As a member of the marital community, Freddy has received equal benefits along with Stacy for the debts that Stacy has incurred.

22. Freddy, therefore, is obligated to contribute at least $40,612.78, which is 50% of the debt that Stacy has incurred.

4

**WHEREFORE**, the trustee prays:

A. For the entry of an order avoiding the transfer of $132,913.06 to or for the benefit of Freddy pursuant to 11 U.S.C. §544 and A.R.S. §44-1005 and 11 U.S.C. §548(a)(1)(B).

B. For the entry of a judgment against Freddy in the amount of $132,913.06 pursuant to 11 U.S.C. §550(a)(1).

C. For the entry of a judgment against Freddy in an amount not less than $40,612.78.

D. For interest on all amounts from the date of judgment until payment at the federal district court interest rate.

E. For an award of the trustee's costs. In the event of default, the trustee will request costs of not less than $350.00.

F. For such other relief as is allowable at law and in equity.

DATED September 30, 2021.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
Terry A. Dake – 009656
P.O. Box 26945
Phoenix, Arizona 85068-6945
Attorney for Trustee

5